# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ERIC RONDELL GABE,            )
                              )
    Movant,                   )
                              )
v.                            )    Case No. CV408-156
                              )    [underlying CR405-281]
UNITED STATES OF AMERICA,     )
                              )
    Respondent.               )

## REPORT AND RECOMMENDATION

Eric Gabe has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 6.) For the following reasons, Gabe's motion should be **DENIED**.

## I. BACKGROUND

On October 5, 2005, a federal grand jury indicted Gabe for possession of a firearm by a convicted felon (as an armed career criminal), possession

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV408-156. "Cr. Doc." refers to documents filed under movant's criminal case, CR405-281.

of a controlled substance, and possession of a firearm during or in relation to drug a trafficking crime. (Cr. Doc. 1 at 1; Cr. Doc. 31 at 1.) A jury found him guilty on all three counts, and he was sentenced to 360 months' imprisonment to be followed by 5 years' supervised release. (Cr. Doc. 41.) Gabe appealed, and the Eleventh Circuit affirmed his conviction and sentence on May 9, 2007. United States v. Gabe, 232 F. App'x 900 (11th Cir. 2007) (per curiam).

Gabe is currently incarcerated at FCI Williamsburg in Salters, South Carolina. (Doc. 1 at 1.) His timely 28 U.S.C. § 2255 motion was filed on August 6, 2008, asserting that:

(1) counsel was ineffective during the pre-trial proceedings by: (a) failing to file a motion to suppress or exclude certain inadmissible evidence,[2] (b) petulantly complaining to the magistrate judge about Gabe's decision to speak with other counsel, (c) refusing to appeal the magistrate's decision to relieve him from the case, (d) failing to properly explain the government's plea offer, (e) failing to object to a defense witness's perjured testimony, and (f) persuading Gabe to sign stipulations;

---

[2] In his amendments, Gabe contends that counsel was ineffective for abandoning "the original strategy to suppress all evidents [sic] that were allegedly obtained at the scene of the crime." (Doc. 6 at 2.) The Court presumes that this ground for relief simply restates the ground raised in his initial motion, which argued that counsel was ineffective for failing to file a motion to suppress certain evidence.

2

(2) counsel was ineffective at trial for: (a) failing to object to inadmissible evidence and a <u>Batson</u> error, (b) failing to object to hearsay evidence, (c) failing to challenge the government's witness's testimony that Gabe's arrest was in a high crime area; (d) using perjured testimony from Kimberly Pettiford, (e) failing to object to the viewing of photographs of the weapon, and (f) refusing to raise a harassment defense, racial profile defense, or an illegal search and seizure defense;[3] and

(3) appellate counsel was ineffective for failing to: (a) provide Gabe with a copy of the trial transcript, (b) consult with Gabe regarding the grounds to be raised on appeal, (c) adequately articulate the <u>Batson</u> error,[4] (d) inform Gabe of the briefing schedule or provide him with copies of the briefs filed, and (e) inform Gabe of the Eleventh Circuit's decision or inform him of his right to request a rehearing or petition for certiorari.

(<u>Id.</u> at 4-7.) The government responded in opposition to Gabe's motion on September 3, 2008. (Doc. 3.) Gabe amended his motion on October 9, 2008. (Doc. 6.)

## II. ANALYSIS

---

[3] Gabe also contends that counsel failed to give a closing argument. (Doc. 6 at 4.) Gabe is mistaken. Counsel gave a closing argument, but it was not transcribed. (Cr. Doc. 51 at 157.) The Court listened to the recording of Gabe's trial to verify that a closing argument had been made. As counsel gave a closing argument, this contention is without merit and should be denied.

[4] In his amendments, Gabe contends that counsel raised frivolous claims on appeal. (Doc. 6 at 5.) The Court presumes he is referring to the <u>Batson</u> issue raised in his initial motion.

3

Gabe raises several grounds of ineffective assistance of counsel. (Doc. 1.) In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a movant received ineffective assistance of counsel. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the prejudice prong, movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lightbourne v. Dugger, 829 F.2d 1012, 1022 (11th Cir. 1987); Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1983).

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's

legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

With these considerations in mind, the Court will now turn to Gabe's asserted grounds for relief.[5]

## A. Conclusory Claims

Several of Gabe's claims of ineffective assistance of counsel are entirely unsupported. For instance, in ground one, Gabe contends that counsel was ineffective for failing to fully explain the government's proffered plea agreement and for persuading him to sign certain stipulations in exchange for a favorable plea deal. (Doc. 6 at 2-3) He does not specify, however, how counsel's advice regarding the plea deal was ineffective or which stipulations he signed and how those stipulations prejudiced his defense. In grounds one and two, Gabe alleges that counsel should have moved to suppress or exclude the marijuana found on his person and should have objected to the admission of that marijuana at

---

[5] Gabe has framed each ground as a claim of ineffective assistance of counsel. Because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Thus, the Court is obligated to analyze Gabe's claims of ineffective assistance of counsel.

trial,[6] but he does not discuss the facts giving rise to the seizure of the marijuana or how those facts reveal that the seizure was illegal. (Doc. 1 at 4, 5.) He also contends in grounds one and two that his attorney was ineffective for using the perjured testimony of Kimberly Pettiford in his defense. (Id. at 2, 4.) Although he broadly states that Kimberly Pettiford's testimony was perjured, he provides no further guidance on the issue. He does not specify exactly which parts of her testimony were perjured, how the alleged perjury prejudiced him, or why he is convinced counsel was aware of the perjury and should not have called upon her as a witness. In ground two, Gabe alleges that counsel was ineffective for failing to object to a government witness's claim that the area of his arrest was a "well documented drug area." (Id. at 4.) He does not allege that the area was not a "well documented drug area." Instead, it appears that he simply believes that counsel should have objected to that characterization, even if there was no ground for such an objection. He also states that counsel was ineffective for failing to raise a racial profiling or harassment defense. (Id. at 4.)

---

[6] He actually states that counsel failed to move to suppress "inadmissible evidence, including, but not limited to marijuana illegally seized from Movant's person." (Doc. 1 at 4, 5.) As he does not disclose what other "inadmissible evidence" he is referring to, the Court simply cannot address the claim.

7

Again, he provides no facts in support of these assertions nor any legal basis indicating that the defenses would have been likely to succeed.

Gabe has not shown ineffective assistance of counsel on any of these claims, as he has not provided the Court with any facts or argument in support of his allegations. Such conclusory allegations are simply insufficient to obtain relief under § 2255. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)); see also, United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the Strickland test); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).[7] Consequently, Gabe is not entitled to relief on these grounds.

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

## B. <u>Batson</u> Issues at Trial

During voir dire, Gabe's counsel used his peremptory strikes to remove ten caucasian jurors, and the government objected to the strikes under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). (Cr. Doc. 51 at 48.) The trial judge sustained the objection and ordered that six of the ten jurors be seated, but he did not reinstate the defendant's strikes. (<u>Id.</u> at 48-56.) Counsel did not explicitly object to the judge's decision during voir dire, but he argued on appeal that "the district court erred by sustaining the <u>Batson</u> objection of the government . . . [and] when it seated the challenged jurors." <u>Gabe</u>, 232 F. App'x at 902. The Eleventh Circuit affirmed the District Court's determination, holding that it "did not err when it determined that several of Gabe's race-neutral explanations were not credible," and Gabe failed "to explain how it was error . . . for the district court to remedy the <u>Batson</u> violation by seating the unlawfully challenged jurors." <u>Id.</u> at 902-03.

In ground two of the present motion, Gabe contends that trial counsel was ineffective for failing to object to the district judge's <u>Batson</u> remedy. (Doc. 1 at 5.) Specifically, he contends that counsel should have objected to the judge's reseating of the challenged jurors without reinstating his

peremptory strikes. (Id.) In ground three, he contends that counsel was ineffective during the appeal by failing to "articulate any argument or offer any legal authority" in support of his assertion of two Batson errors. (Id. at 7.) Both of these claims are without merit.

In crafting a Batson remedy, trial courts have broad discretion. United States v. Walker, 490 F.3d 1282, 1294 (11th Cir. 2007) (allowing district judge to reseat certain jurors without providing additional strikes); United States v. Ramirez-Martinez, 273 F.3d 903, 910 (9th Cir. 2001) (finding that judge did not abuse his discretion by reseating jurors and returning peremptory challenges to government), overruled on other grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007). There is no hard and fast rule requiring a district court to give "replacement strikes" to a litigant who has misused his prior peremptory challenges. In Walker, the Eleventh Circuit affirmed a district judge's reseating of jurors and denial of additional peremptory strikes when "[r]eplacement strikes would have required the court to start anew the next day, at considerable time and expense." 490 F.3d at 1295. The court "declined the invitation to craft any kind of bright-line rule to circumscribe the district court's

discretion, and [found] that the circumstances . . . led to a defensible approach to rectify the Batson violation. Id. Here, the circumstances similarly support the trial judge's decision. Gabe used each of his strikes to challenge members of one race. Counsel's misuse of peremptory strikes was deserving of reinstatement plus loss of the strikes. As there was little chance of success on this ground, counsel cannot be said to have performed deficiently for failing to object during trial or failing to provide a detailed examination of the issue in his appellate brief. See Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1998) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful). Moreover, he cannot show prejudice. To show prejudice in such a case, Gabe must establish that as a result of counsel's error, at least one the empaneled jurors was biased or the panel did not represent the community. Davis v. Woodford, 384 F.3d 628, 643 (9th Cir. 2004); United States v. Taylor, 832 F.2d 1187, 1196 (10th Cir. 1987) (no prejudice where movant had "introduced no set of facts suggesting bias of one or more of the

jurors"). Gabe does not allege that any improper jury bias. He merely states that the had the strikes been reinstated, "the outcome of [his] trial would have been different," a bold argument that is utterly unsupported. Consequently, he has not established prejudice under <u>Strickland</u>'s second prong.

### C.  Remaining Grounds

#### 1.  *Ground One*

In ground one of Gabe's motion, he contends that counsel was ineffective for "petulantly complaining to the magistrate concerning . . . Gabe's decision to exercise his constitutional rights to consult with [other] legal counsels for advice and trail [sic] strategies" and for failing to appeal the magistrate's decision denying counsel's request to be excused from continuing representation. (Doc. 6 at 1-2.) Neither ground comes close to stating a claim for ineffective assistance of counsel, as Gabe has not shown that counsel's "petulant complaining" or continuing representation was prejudicial.

Prejudice cannot be presumed based upon a movant's general dislike for his attorney. Instead, a movant "must identify specific errors or

omissions allegedly committed by counsel[,] . . . establish that those errors or omissions were professionally unreasonable, and [establish] that the identified errors or omissions resulted in actual harm to the defense in the sense that there exists a reasonable probability that the outcome of the proceeding would have been different had the errors not occurred." Waldrop v. Thigpen, 857 F. Supp. 872, 906 (N.D. Ala. 1994). Here, Gabe's allegations do not even remotely demonstrate any actual harm to his defense. Indeed, neither ground has anything to do with counsel's presentation of issues bearing on Gabe's guilt or innocence.

2. *Ground Two*

Gabe contends that counsel was ineffective at trial for failing to object to hearsay evidence and refusing to object to the viewing of the weapon in photos. (Doc. 6 at 3-4.)

Gabe contends that his attorney should have objected to the introduction of certain hearsay testimony, but he admits that the trial judge excluded the testimony even without such an objection. (Id. at 3.) As the testimony was not heard by the jury, Gabe cannot show that he was prejudiced by counsel's failure to raise such an objection. Moreover, it does

not appear that counsel even had the opportunity to raise the objection. (Cr. Doc. 51 at 83.) The trial judge interrupted a witness by stating "Don't go into what the clerk told you. That is hearsay." (Id.) As counsel was preempted by the Court, Gabe cannot show that he acted in a professionally unreasonable manner by failing to exercise powers of precognition and object to the testimony before the judge's warning.

Gabe next contends that counsel should have objected to the use of a photograph that showed that the weapon attributed to him had been dropped on concrete. (Doc. 6 at 4.) To understand this claim, it is necessary to briefly outline the events leading to Gabe's arrest. Sgt. Mike Epley testified at Gabe's trial that he patrolled the Studio Lodge Hotel at around 4 a.m. and noticed Gabe loitering near the 200 suites. (Cr. Doc. 51 at 73.) Epley and some other agents decided to approach Gabe. (Id.) Epley recognized Gabe but could not remember his name. (Id. at 74.) When he asked for Gabe's name, Gabe appeared nervous and took some time to respond. (Id.) Accordingly, Epley felt that he needed to frisk Gabe for officer safety. (Id.) He asked Gabe to turn around, and Gabe promptly attempted to flee. (Id. at 74-75.) Another agent stopped him while he tried

14

to escape, and someone else noticed a gun that had fallen to the concrete where Gabe had been seized. (Id. at 75.)

When Epley testified, the state presented him with a photograph of the weapon, which he stated showed "fresh concrete embedded in the hammer area. Apparently from where it had been dropped on the concrete." (Cr. Doc. 51 at 77.) He stated that the concrete indicated that the pistol "had been dropped immediately or right at the time of the struggle." (Id.) Gabe believes that counsel should have objected to this characterization by arguing that the substance was "paint or some other type of substance." (Doc. 6 at 4.) There is no merit to this claim. First, Gabe fails to demonstrate that his counsel had any grounds for objecting that the substance was paint or some other specific material other than concrete. And even if he could have *proven* that the substance had been something other than concrete, that fact would have done little to overcome the testimony of several narcotics team agents who found the gun after the struggle. The Court is not convinced that counsel acted in a professionally unreasonable manner by failing to pursue that line of inquiry. In addition, Gabe cannot show that he was prejudiced by counsel's decision, as the

Court is of the opinion that there is no likelihood that disputing Epley's characterization would have resulted in a different outcome.

3. *Ground Three*

In ground three of Gabe's motion, he alleges that his counsel was ineffective on appeal. Specifically, he alleges that counsel failed to: (1) provide him with a copy of the trial transcript; (2) confer with him regarding the grounds to be raised on appeal; (3) inform him of the briefing schedule; (5) provide him with copies of the briefs; (6) inform him of the appellate court's decision; and (7) inform him of his right to a rehearing or right to petition for certiorari.[8] (Doc. 1 at 7.) Assuming without deciding that counsel was deficient for failing to do these things, Gabe's claim is still without merit. He does not allege any basis for a finding that he was prejudiced by any of these failures. Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").[9]

---

[8] Gabe also alleged that counsel's appellate Batson claims demonstrate ineffective assistance, but that issue was resolved under the prior subheading.

[9] The government asserts that it spoke with Gabe's appellate counsel, who stated that he did mail a copy of his brief to Gabe when he filed it. (Doc. 3 at 15.)

## III. CONCLUSION

For the foregoing reasons, Gabe's § 2255 motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  16th  day of December, 2008.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA