UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ERIC R. GABE,

Movant,

v.  408CV156
    405CR281

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Habeas movant Eric R. Gabe appeals the magistrate judge's report and recommendation (R&R) recommending that his motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255 be denied. Doc. ## 9, 10, 11. He filed a motion for leave to appeal *in forma pauperis* (IFP), doc. # 9, which the Clerk additionally docketed as an implied Notice of Appeal (NOA), doc. # 10. As a result, he impliedly applies for a Certificate of Appealability (COA). *See Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (appeal notice is treated as implied COA application).

The Eleventh Circuit Court of Appeals has jurisdiction over appeals from all *final decisions* of the district courts. 28 U.S.C. § 1291 (emphasis added). Gabe filed his implied NOA on 1/5/09 after the magistrate judge's 12/16/08 recommendation that this Court dismiss his § 2255 motion. The magistrate judge's R&R, however, is not a final, appealable order. *Perez-Priego v. Alachua County Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998) (citing 28 U.S.C. § 636(b)(1); *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982)). On 1/6/09 this Court entered its Order adopting the magistrate judge's R&R. Doc. # 13. Unfortunately, however, Gabe's appeal from the magistrate judge's R&R did not ripen upon entry of the final Order. *See Perez-Priego*, 148 F.3d at 1273 (appeal dismissed for lack of jurisdiction where notice of appeal had been filed prior to district court's adoption of the magistrate judge's R&R) (citing *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991); *Billingsley v. Jefferson County*, 953 F.2d 1351, 1353-54 (11th Cir. 1992)).

Because Gabe failed to file an NOA after this Court entered its final order, he has not technically given notice of his intent to appeal that order.[1] For this reason, the Court denies leave for Gabe to appeal IFP and will not issue a COA at this time.

However, Gabe still may file a timely NOA. Pursuant to F.R.App.P. 4(a)(1)(B), in civil cases where the United States or its officer or agency is a party, an NOA must be filed by any party taking an appeal "within 60 days after the judgment or order appealed from is entered." In this case, the sixtieth

---

[1] Fourteen days after entry of the Court's final order Gabe did file a "Request[] [for] Statement of Particular," in which he requested that "all documents pertaining to this subject matter be sent to [him] for reviewing and acknowledgement." Doc. # 17. This document lacks any implication of an intent to appeal. Thus, it cannot be construed as a timely NOA. *See Bogle v. Orange County Bd. of County Comm'rs*, 162 F.3d 653, 660 (11th Cir. 1998) ("The test for determining the sufficiency of a notice of appeal is 'whether it is objectively clear that a party intended to appeal.'") (citing F.R.App.P. 3(c)).

day falls on 3/7/09, but because that is a Saturday, Gabe has until the following Monday (3/9/09) to file his NOA. F.R.App.P. 26(a)(3). If Gabe files a timely NOA, this Court will construe it as a motion to appeal this Court's order IFP and will consider whether to issue a COA. But at this point, Gabe's motion for leave to appeal IFP and implied application for a COA, doc. # 9, is **DENIED.**

Furthermore, Gabe's request that the Court remit to him "all documents pertaining to this subject matter," which he clarifies as "[a]ll motion[s] filed by Petition [sic] and [the R&R] adopted by [the] Magistrate Judge," doc. # 17, is **DENIED**, as Gabe has indicated that he already possesses each of these documents.[2]

This 3rd day of February 2009

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] In particular, in his motion to appeal IFP, doc. # 9, he states that he wants to appeal "the judgment entered on December 16, 2008," which is a reference to the R&R recommending the denial of his habeas motion and which indicates that he received a copy of it. Additionally, the Government recently served him with an additional copy of the R&R. Doc. # 18 (served 1/28/09). Finally, in the document at issue, doc. # 17, he states outright that he received the Order entered on "the 6th day of January, 2009," which is a reference to the Court's Order adopting the R&R, doc. # 13.